UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-10002-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN A. BAILEY,

    Defendant.
    _____/

### REPORT AND RECOMMENDATION

Presently pending before this Court is the Motion to Suppress Physical Evidence and Request for Evidentiary Hearing filed by Defendant Shawn A. Bailey (DE # 24). The Honorable K. Michael Moore, United States District Judge, has referred this matter to the undersigned Magistrate Judge (DE #13). The motion is fully briefed (DE ## 33, 38).

In ruling on the motion without a hearing, the undersigned Magistrate Judge assumes there was a misstatement of fact in the search warrant affidavit, but finds that it was not material, and that, even setting aside the misstatement, the search warrant affidavit establishes probable cause to believe that narcotics and evidence of narcotics trafficking would be found at the premises to be searched. Therefore, it is **RECOMMENDED** that the Motion to Suppress be **DENIED**.

    I. Background

Defendant Bailey is charged with in a four count Indictment with: on or about November 5, 2009, knowingly and intentionally distributing a controlled substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); on or about November 5, 2009, possession with intent to distribute a controlled

substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); on or about November 5, 2009, possessing a firearm and ammunition while having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 3) and on or about November 5, 2009, knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4).  The cocaine, weapon and ammunition which form the basis for the charges in Counts 2 through 4 of this Indictment were seized during the execution of the challenged search warrant.

The challenged search warrant was issued on November 5, 2009, and was executed on November 5, 2009.[1]  Defendant contends that the evidence seized pursuant to this warrant must be suppressed on the grounds that the Affidavit contains a material misstatement of fact, to wit, that the CI went into Defendant's apartment and conducted the drug transaction instead of that the CI conducted the drug transaction in the threshold of the doorway of Defendant's apartment, which misstatement was made deliberately or with reckless disregard for the truth, and that, without this misstatement, the Affidavit fails to establish probable cause (DE # 24).

The government responds that: 1) Defendant has failed to meet his burden to obtain an evidentiary hearing; 2) Defendant has provided no evidence that any misstatement was made knowingly or recklessly; and 3) even if the specific alleged misstatement was untrue and was removed from the Affidavit, the Affidavit would still provide probable cause to issue a search warrant (DE # 33).

---

[1]  The search warrant affidavit was given Case No. KWPD 09-5699, and is attached as Exhibit 1 to DE # 24.

II. **The Affidavit, As Written, Establishes Probable Cause**

A. **A Summary of the Search Warrant and Affidavit**

The challenged search warrant authorized the search of the premises located at 2324 Seidenberg Apt. A, Key West, Florida. The list of property to be seized was cocaine, drug paraphernalia, currency, receipts and other documents and records evidencing illegal activity, or that would lead to the identification of persons responsible for the unlawful possession or distribution of controlled substance, hereafter referred to as "the property". Ex. 1 to DE # 24, at 2.

The Affidavit, sworn to by Key West Narcotics Detective Richard Thomas states, in relevant part:

> On November 5, 2009, the KWPD Special Operations – Narcotics Unit conducted a controlled purchase of $80.00 worth of cocaine, with the use of a documented confidential informant (CI) from an individual known to this unit as Shawn A. Bailey (AKA "HB"). Bailey is known to the unit from several past narcotics tips and previous street encounters.
>
> I met with the CI at a pre-determined location and made a recorded phone call to Bailey at 305-647-9084. Bailey told the CI he was busy and would call him back. Shortly after Bailey contacted the CI from the same phone number and agreed to meet the CI in 30 min at the premises and deliver powder cocaine. The conversation was recorded.
>
> The CI made another recorded phone call to Bailey at 305-647-9084, and Bailey said he was ready to meet the CI for the purchase of cocaine. Det. Hall wired the CI with an audio transmitter and recording device. Det. Gallo searched the CI and his vehicle for any contraband and/or currency and gave the CI instructions to go to 2324 Seidenberg, apartment A, meet with Bailey and purchase $80.00 worth of powder cocaine.
>
> The CI drove directly to the premises with detectives having constant audio and visual contact with the CI. The CI arrived at the premises and made contact with Bailey at the front door. The CI went into the premises at Bailey's request and after a brief conversation, exchanged the $80.00 of KWPD pre-recorded currency for 4 small baggies of suspected powder cocaine. The CI then left and drove directly back to the predetermined location, without stopping or speaking to any other person and handed me a clear plastic baggie containing suspected powder cocaine. Det. Leahy

>  **videoed the CI both entering and leaving the premises from an area of concealment. Both Det. Hall and Det. Leahy identified Bailey as the individual who conducted the transaction with the CI by observing them from and [sic] area of concealment.**
>
>  **I field-tested the suspected cocaine and it field tested positive (FTP) for cocaine.**

Ex. 1 to DE # 24, at 3-4.

### B.  Legal Sufficiency of the Affidavit

In *Illinois v. Gates*, 462 U.S. 213 (1983), the United States Supreme Court set forth guidelines to be used in determining whether an affidavit establishes probable cause to believe that evidence or fruits of a crime will be found at the specified location.  The Court held that although the veracity, reliability and basis of knowledge of an informant providing information about criminal activity are important, they are not a necessary prerequisite to the use of such information to establish probable cause; rather, they are only factors to be used to determine the existence of probable cause, under the totality of the circumstances.  The Court emphasized that a deficiency in one may be compensated for by a strong showing as to the other, or by some other indicia of reliability.  After noting that "a magistrate's determination of probable cause should be paid great deference by reviewing courts"  *Id*. at 236, the Court set forth the following test: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed."  *Id*. at 238-39 (citation omitted).

4

In the case at bar, the averments in the Affidavit establish that, on November 5, 2009, the CI conducted a controlled purchase of $80.00 of cocaine from Defendant at Defendant's residence.

Before the CI purchased the cocaine from Defendant, the officers wired him with an audio transmitter and recording device, searched the CI and his vehicle for any contraband or currency, and none was found. Detective Thomas then gave the CI $80.00 in pre-recorded currency and told the CI to go to 2324 Seidenberg, apartment A, meet with Defendant and purchase $80.00 of powder cocaine.

The CI drove directly to 2324 Seidenberg with the detectives maintaining constant audio and visual contact with the CI. At 2324 Seidenberg, apartment A, the CI made contact with Defendant at the front door. The CI then went into the premises at Defendant's request, and after a brief conversation, exchanged the $80.00 of pre-recorded currency for four small baggies of suspected powder cocaine. From a place of concealment, the CI was videotaped both entering and leaving 2324 Seidenberg, apartment A. Detective Thomas field tested the powdered substance, which tested positive for cocaine.

Based upon the direct observation by the police that Defendant sold the CI four small baggies of powder cocaine in return for $80.00, the state court judge who issued the warrant in this case properly determined that there was probable cause to believe that cocaine, drug paraphernalia, currency, receipts and other documents and records evidencing illegal activity would be found in the target apartment.

### III. Defendant Has Provided No Evidence That There Was A Material Intentional or Recklessly Made Misstatement That Undermined The Determination of Probable Cause

#### A. The Alleged Misstatement In The Affidavit

Defendant alleges that the following statement in the Affidavit is false, "The CI went into the premises at Bailey's request and after a brief conversation, exchanged the $80.00 of KWPD pre-recorded currency for 4 small baggies of suspected powdered cocaine" (DE # 24 at 2, ¶3). Defendant bases this allegation on the testimony of the case agent at Defendant's pretrial detention hearing, who, while she was not present during the transaction, spoke to the arresting officers, watched a video of the transaction and reviewed reports. The case agent stated that her investigation revealed that the transaction had occurred in the threshold of the doorway of Defendant's residence (DE # 24 at 2-3, ¶4). *See* February 11, 2010 transcript of Defendant's pretrial detention hearing, App. II to DE # 24, at 15, 19. Defendant argues that the possibly incorrect statement that the CI purchased the drugs inside Defendant's apartment meant that the issuing judge inferred that Defendant had to go inside his apartment to obtain the drugs to conduct the transaction, and that therefore, there were drugs in the apartment (DE # 24 at 5-6). This argument is pure speculation and is unsupported by any legal authority.

For purp0ses of this Report and Recommendation, the undersigned assumes that the search warrant affidavit contained a misstatement that the CI purchased the drugs from Defendant inside Defendant's apartment, instead of in the doorway of Defendant's apartment. However, the undisputed fact that the CI purchased drugs from Defendant at Defendant's apartment, leads to the conclusion that any inaccuracy did not affect the determination of probable cause.

6

B. <u>Legal Analysis</u>

Under *Franks v. Delaware*, 438 U.S. 154 (1978), and its progeny, a search warrant may be invalidated only where (1) it contains false statements made with either knowledge of their falsity or reckless disregard for the truth; and, (2) the remaining information contained in the warrant is insufficient to establish probable cause. This principle has been extended to apply to material omissions of fact, so that a warrant will also be invalid if "the inclusion of those facts would have prevented a finding of probable cause." *United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990), *accord United States v. Burston*, 159 F.3d 1328, 1333-34 (11th Cir. 1998). It is well settled that insignificant or immaterial misrepresentations or omissions will not invalidate a warrant. *Jenkins*, 901 F.2d at 1080 (and cases cited therein). Moreover, "allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171; *United States v. Martin*, 615 F.2d 318 (5th Cir. 1980).

In the case at bar, the undersigned Magistrate Judge finds that, in the context of the Affidavit as a whole, the possible misstatement as to whether the CI obtained the drugs while in the doorway of Defendant's apartment instead of inside Defendant's apartment was not sufficiently material to the determination of probable cause to have affected that determination. The undersigned finds that there was a properly executed controlled buy in this instant case, regardless of whether the CI made the buy standing in the threshold of Defendant's apartment or whether the CI made the buy standing inside Defendant's apartment, and that this is sufficient to provide probable cause to search Defendant's apartment. *See United States v. Roundtree*, 299 Fed. Appx. 905, 907 (11th Cir. 2008) (a properly executed controlled buy at the defendant's apartment is sufficient, standing alone, to establish probable cause to search the defendant's

7

apartment), *accord United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006).  Moreover, the affidavit states that on three occasions, Defendant told the CI over the telephone that he was going to sell the CI cocaine at 2324 Seidenberg Apt. A, and Defendant did sell the CI cocaine at 2324 Seidenberg Apt. A (emphasis added).

Even assuming that Detective Thomas had acted intentionally or with reckless disregard for the truth by stating that the CI went inside the apartment, when the alleged misstatement is excised, the undersigned Magistrate Judge concludes that the remainder of the Affidavit still establishes probable cause to support the search of Defendant's apartment, and that the misstatement could not have affected the probable cause determination of the issuing judge.[2]

### III.     CONCLUSION

Based upon the foregoing analysis, it is hereby

**RECOMMENDED** that Motion to Suppress Physical Evidence and Request for Evidentiary Hearing filed by Defendant Shawn A. Bailey (DE # 24), be **DENIED.**

The parties will have fourteen days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149

---

[2] Based upon this determination, it is unnecessary to decide whether the statement was actually false, and, if so, whether it was a knowing or reckless falsehood.  The undersigned notes, however, that it is doubtful whether the motion and reply even establish a colorable basis for holding an evidentiary hearing to determine whether the alleged misstatement was a knowing or reckless falsehood.

(11th Cir. 1993).

      **DONE AND SUBMITTED** in chambers, in Miami, Florida, on April 2, 2010.

                                                      _/s/ Andrea M. Simonton_
                                                  **ANDREA M. SIMONTON**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**The Honorable K. Michael Moore**
      **United States District Judge**
**All counsel of record**